Maman v Marx Realty & Improvement Co., Inc. (2018 NY Slip Op 03614)





Maman v Marx Realty & Improvement Co., Inc.


2018 NY Slip Op 03614


Decided on May 17, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 17, 2018

Friedman, J.P., Sweeny, Kapnick, Kahn, Oing, JJ.


6578 152441/12

[*1]Raphael Maman, Plaintiff-Respondent,
v
Marx Realty & Improvement Co., Inc., et al., Defendants-Appellants. [And Third-Party Actions]


Wood Smith Henning & Berman, LLP, New York (Kevin T. Fitzpatrick of counsel), for Marx Realty & Improvement Co., Inc. and FJ Sciame Construction Corp., appellants.
Melito & Adolfsen P.C., New York (Steven I. Lewbel of counsel), for Weir Welding Company, Inc., appellant.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondent.



Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered September 13, 2016, which, in this action for personal injuries sustained when plaintiff ironworker fell through an opening in the floor of a building under construction, granted plaintiff's motion for partial summary judgment on the issue of liability on his Labor Law § 240(1) and on his Labor Law § 241(6) claim insofar as predicated upon Industrial Code (12 NYCRR) § 23-1.7(b)(1), unanimously reversed, on the law, without costs, and the motion denied.
"[A] fall through an unguarded opening in the floor of a construction site constitutes a violation of Labor Law § 240(1) only where a safety device adequate to prevent such a fall was not provided. A safety line and harness may be an adequate safety device for a person working over an open area or near an elevated edge" (Guaman v City of New York, 158 AD3d 492, 492-493 [1st Dept 2018] [internal citations omitted]). Here, the record demonstrates that although plaintiff was wearing a harness and lanyard at the time of the accident, triable issues exist as to whether static lines were in place for him to safely tie off.
In view of the foregoing, an issue of fact also exists as to whether any violation of Labor Law § 241(6) based on 12 NYCRR 23-1.7(b)(1) was a proximate cause of plaintiff's accident (see Guaman at 493).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 17, 2018
CLERK